# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IBRAHIM ABU-HUMOS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 15-cv-06961 |
| v. ) | |
| ) | Judge Andrea R. Wood |
| FIRST MERIT BANK, NEJLA LANE, ) | |
| BARRY JONAS, and the UNITED STATES ) | |
| DEPARTMENT OF JUSTICE, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Defendant United States's motion to dismiss [4] is granted. This case is dismissed without prejudice. The status hearing set for 11/30/2015 is stricken. Parties need not appear. All other pending motions [14], [16], [26] are stricken as moot. See the accompanying Statement for details. Civil case terminated.

## STATEMENT

Plaintiff Ibrahim Abu-Humos brings this *pro se* lawsuit to quiet title and for slander of title, rescission, and civil conspiracy in connection with a line of credit issued by Defendant First Merit Bank ("First Merit") to Hani Samed Hamden and secured by a mortgage against a particular property. Hamden is Abu-Humos's nephew and co-owns the mortgaged property as a joint tenant with him. In addition to First Merit, the complaint also names Defendants Assistant United States Attorney Barry Jonas, the U.S. Department of Justice ("DOJ"), and Abu-Humos's former attorney, Nejla Lane. According to Abu-Humos, all of these Defendants conspired against him. Abu-Humos originally filed suit in the Circuit Court of McHenry County and the case was subsequently removed to this Court by the United States pursuant to 28 U.S.C. § 1442(a)(1).

All Defendants have filed motions to dismiss. (*See* Dkt. Nos. 4, 14, 16.) This Court first considers the motion to dismiss filed by the United States on behalf of the DOJ and Jonas (Dkt. No. 4), as it raises a threshold jurisdictional issue. "[J]urisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. Where the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in a federal court it would have had jurisdiction." *Minnesota v. United States*, 305 U.S. 382, 389 (1939). Thus, the first question to be considered is whether the state court had jurisdiction over Abu-Humos's claims—if it did not, then this Court does not either.

Although it is not entirely clear what claims Abu-Humos intends to assert against the DOJ and Jonas, it appears that they consist of some type of tort claims. However, "[a]bsent a waiver,

sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Although the Federal Tort Claims Act ("FTCA") was enacted to "allow[] suit against the United States for torts committed during the commission of a federal employee's official duties. . . . [there are] limit[s to] the types of tortious conduct for which the government could be sued." *Williams v. Fleming*, 597 F.3d 820, 822 (7th Cir. 2010). Two such limits apply here: (1) constitutional torts are not cognizable under the FTCA, and (2) while common law torts are cognizable under the FTCA, state courts lack jurisdiction over such claims. 28 U.S.C. §§1346(b), 2679(b)(1). As such, the state court lacked jurisdiction over the claims against the DOJ and Jonas, and this Court accordingly lacks jurisdiction on removal. Thus, Abu-Humos's claims against the DOJ and Jonas must be dismissed.[1] Because the case was only removed to this Court due to the claims against Jonas and the DOJ and those claims have now been dismissed, this Court declines to exercise supplemental jurisdiction over the claims against Lane and First Merit. *See* 28 U.S.C. § 1367(c)(3).

This case is dismissed without prejudice to Abu-Humos filing a new complaint that properly invokes this Court's original jurisdiction. Should Abu-Humos file a new complaint, however, he should be aware that Lane's and First Merit's motions to dismiss raise serious questions regarding whether the complaint he filed in this case would survive even putting aside the jurisdictional problem. This Court cautions Abu-Humos that any complaint he files must contain "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a). If the complaint is not adequately plead, it will be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12. Without ruling, this Court doubts that Abu-Humos's complaint would satisfy the pleading standard as to any of the Defendants.

With respect to Lane, for example, Abu-Humos's current complaint includes references to Lane's prior representation of him and alleges that she conspired with the other Defendants against him, but does not otherwise include any allegation against Lane in the four counts or the requests for relief. Any new complaint Abu-Humos files in federal court must give Lane fair notice of the claims he is asserting against her and the grounds upon which they rest. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

As to First Merit, Abu-Humos's current complaint alleges four Illinois state law causes of action: (1) quiet title, (2) slander of title, (3) rescission, and (4) civil conspiracy. All of the claims appear to stem from First Merit's purported recording of the mortgage it issued to Hamden—a mortgage that Abu Humos asserts was issued without his knowledge or consent. But as a joint tenant, Hamden was permitted to secure a loan with a mortgage lien on his interest in the property without Abu-Humos's consent or knowledge. *See Harms v. Sprague*, 473 N.E.2d 930, 933-34 (Ill. 1984). As a result, it is unclear how First Merit's actions in issuing and recording the mortgage could constitute a tort or form the basis of a civil conspiracy claim, which requires "(1) an

---

[1] Although it is not clear that dismissal is strictly required whenever the derivative jurisdiction doctrine applies, dismissal is strongly indicated when the issue is raised before any substantive matters have been addressed. *Cf. Rodas v. Seidlin*, 656 F.3d 610, 619 (7th Cir. 2011) ("[T]he doctrine creates a defect in removal, but is not an essential ingredient to federal subject matter jurisdiction. Because the district court would have had jurisdiction over a hypothetical complaint filed at the time it entered the judgment now under review, the fact that the state court lacked jurisdiction over the case when it was removed has no significance.").

agreement between two or more persons for the purpose of accomplishing either an unlawful purpose or a lawful purpose by unlawful means; and (2) at least one tortious act by one of the co-conspirators in furtherance of the agreement that caused an injury to the plaintiff." *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 509 (7th Cir. 2007). Nor is it clear how First Merit's actions could form the basis of a quiet title action, as the mortgage appears to constitute a valid interest in the property. *Gambino v. Boulevard Mortg. Corp.*, 922 N.E.2d 380, 410 (Ill. App. Ct. 2009); *Ill. Dist. of Am. Turners, Inc. v. Rieger*, 770 N.E.2d 232, 239 (Ill. App. Ct. 2002) ("A valid interest in property cannot be a cloud on title.").

Similarly, it does not appear that First Merit's recording of Hamden's mortgage could form the basis of a claim for slander of title, as such a claim requires First Merit to have made a false publication with malice. *Am. Nat'l Bank & Trust Co. v. Bentley Builders, Inc.*, 719 N.E.2d 360, 364 (Ill. App. Ct. 1999). Finally, only a party or third-party beneficiary is entitled to assert a right created by contract, such as rescission, and Abu-Humos has not plead that he is either a party or a third-party beneficiary to the agreement between Hamden and First Merit. *Bank of Am. Nat. Ass'n v. Bassman FBT, L.L.C.*, 981 N.E.2d 1, 11, *as modified on denial of reh'g* (Ill. App. Ct. Dec. 7, 2012); *see also Home Sav. Ass'n of Kansas City, F.A. v. State Bank of Woodstock*, 763 F. Supp. 292, 296 (N.D. Ill. 1991).

Accordingly, while this case is dismissed *without* prejudice, Abu-Humos is cautioned that he should ensure that any subsequent complaint he files states a valid cause of action against each named Defendant.

Dated: November 30, 2015

_____
Andrea R. Wood
United States District Judge